IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KENNETH GRIFFIN,**

    **PETITIONER,**

v.                                                            **CIVIL ACTION NO. 2:13-cv-452**

**HAROLD W. CLARKE,**
**Director, Virginia Department of Corrections,**

    **RESPONDENT.**

## REPORT AND RECOMMENDATION

Kenneth Griffin, a Virginia state prisoner, petitions the Court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, ECF No. 1. The Respondent filed a motion to dismiss the petition. ECF No. 4. This matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). The undersigned finds that Griffin's claims are without merit, and therefore, **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 4, be **GRANTED**, and that the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKROUND

After a three-day jury trial in the Circuit Court of the City of Portsmouth ("the trial court"), on December 17, 2008, the jury found Griffin guilty of four charges: first-degree murder, in violation of Va. Code § 18.2-32, aggravated malicious wounding, in violation of Va.

Code § 18.2-51.2, and two counts of using a firearm in the commission of those felonies, in violation of Va. Code § 18.2-53.1. After hearing evidence of prior convictions from 2003 for abduction, use of a firearm in the commission of a felony, possession of a firearm by a convicted felon, shooting from a vehicle, and assault and battery of a family member, the jury recommended that the trial court fix Griffin's punishment as follows: life imprisonment for first-degree murder, twenty years of imprisonment for aggravated malicious wounding, and five years of imprisonment for each firearm charge. On March 27, 2009, the trial court imposed the sentence recommended by the jury, for a cumulative sentence of life imprisonment plus thirty years.

Griffin timely noted a direct appeal to the Court of Appeals of Virginia, challenging the sufficiency of the evidence to sustain his conviction for first-degree murder. On December 15, 2009, the Court of Appeals of Virginia denied his petition for appeal, and granted court-appointed counsel's motion to withdraw. The Court of Appeals found Griffin's appeal to be "wholly frivolous," found the evidence produced at trial to be sufficient to prove beyond a reasonable doubt that Griffin was guilty of all four charges, and summarized such evidence as follows:

> So viewed, the evidence proved that on January 27, 2008, Andre Lamb and Deltron Nichols were at a gas station when they saw [Griffin] and [Griffin's] son, Tarquia Stagg, in a parked car at the station. Stagg asked if Lamb had seen anyone hit their car. Lamb and Nichols approached the vehicle and began arguing with [Griffin] and Stagg. Lamb admitted he made derogatory remarks about [Griffin's] car. Moments later, shots came from the car, striking both Lamb and Nichols. Nichols died as a result of his wounds and Lamb was seriously injured.
>
> Stagg [Griffin's son] identified [Griffin] as the one who shot the two men. Stagg indicated that Nichols had his hand in his pants as he approached the car. Lamb testified that Nichols did not have a gun on the night of the shooting. [Griffin] testified he felt threatened by the approach of Lamb and Nichols and shot them to protect himself and Stagg. [Griffin] immediately left the scene after the shooting and did not seek aid for the victims.

2

*Griffin v. Commonwealth*, No. 0747-09-1, at *1-2 (Va. Ct. App. Dec. 15, 2009) (unpublished). On February 18, 2010, the Court of Appeals of Virginia denied Griffin's request for a rehearing. On July 29, 2010, the Supreme Court of Virginia appointed Griffin new counsel and deemed his appeal timely filed. Subsequently, however, the Supreme Court of Virginia refused the petition for appeal on January 21, 2011, and denied Griffin's request for a rehearing on March 11, 2011. Griffin's conviction became final on June 10, 2011 after he did not petition the United States Supreme Court for a writ of certiorari.

On October 3, 2011, Griffin filed a state habeas corpus petition in the trial court, alleging that his counsel was constitutionally ineffective in violation of the Sixth Amendment because:

a) His trial counsel did not file a discovery motion;

b) His trial counsel did not correctly advise Griffin about the legal effect of voluntary intoxication to negate intent on a first-degree murder charge;

c) His trial counsel did not challenge a prospective juror as biased; and

d) His appellate counsel was ineffective for not challenging the same juror.

The trial court dismissed the petition with prejudice on June 15, 2012. Griffin then initially improperly noticed his appeal of that dismissal to the Court of Appeals of Virginia. Because it lacked jurisdiction over the habeas appeal, the Court of Appeals of Virginia transferred the matter to the Supreme Court of Virginia, which recognized Griffin's appeal as timely filed. In the appeal, Griffin made four assignments of error to the trial court's dismissal. On June 24, 2013, the Supreme Court of Virginia dismissed Griffin's first assignment of error, and refused the appeal as to his remaining three assignments of error.

On July 17, 2013,[1] Griffin filed this federal habeas petition, ECF No. 1, his first section 2254 petition in this Court, alleging the following claims of ineffective assistance of counsel:

a) Defense counsel was ineffective due to negligence, poor trial strategy, and giving erroneous legal advice. Specifically, defense counsel did not correctly advise Griffin about the legal defense of voluntary intoxication to a first-degree murder charge;

b) Defense counsel was ineffective for not introducing a "myriad of evidence and testimony" available that would have disproved the Commonwealth's theory of the crime, impeached and/or mitigated the effectiveness and credibility of the Commonwealth's chief witness, and produced circumstances likely to have resulted in a different jury verdict.

c) Griffin's Sixth and Fourteenth Amendment rights were violated due to counsel's deficient performance and ineffective assistance, which violated Plaintiff's due process rights, and consequently, the verdict is contrary to law and the evidence.

d) The cumulative effect of trial counsel's multiple errors, ineffective assistance, deficient performance, and resulting substantial prejudice violated Griffin's Sixth and Fourteenth Amendment rights. Specifically, but for the serious errors of counsel, the proceedings would have produced a different result, and the verdict is not worthy in the interests of justice.

ECF No. 1, attach. 1. The Virginia Attorney General, on behalf of the Respondent, filed a motion to dismiss, a Rule 5 answer, a brief in support of the motion to dismiss, and a *Roseboro* notice. ECF Nos. 4-7. Griffin responded to the Respondent's motion to dismiss on December 12, 2013. ECF No. 8. The Respondent has not replied to Griffin's opposition, the time to do so

---

[1] The undersigned uses the date Griffin placed his petition in the prison mailing system. *See* ECF No. 1 at 14; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (articulating the "prison mailbox rule").

has passed, and therefore, the matter is ripe for recommended disposition. For the reasons discussed more fully below, even though Griffin's petition is properly before this Court because he has exhausted his state remedies and filed within the statute of limitations period, the undersigned would find that his allegations of constitutional violations are without merit, and thus recommends that the petition be dismissed with prejudice.

## II. PROCEDURAL ISSUES

### A. Statute of Limitations

Griffin filed his habeas petition with this Court before the applicable statute of limitations deadline passed, and therefore it is timely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

Griffin's conviction became final on June 10, 2011, or ninety days after the Supreme Court of Virginia's order denying his appeal, when the time to appeal that order to the United States Supreme Court expired. *See* S. Ct. R. 13.1. As a general matter, under 28 U.S.C. § 2244(d)(1), Griffin had until June 10, 2012 to file his habeas petition in this Court. However, this time period was statutorily tolled from October 3, 2011, when Griffin filed his state habeas petition in the trial court, to June 24, 2013, when the Supreme Court of Virginia dismissed and refused his appeal. *Cf. Lawrence v. Florida*, 127 S. Ct. 1079, 1084-85 (2007) (holding the petitioner is not entitled to tolling for the additional ninety days to file a petition for writ of

certiorari to the United States Supreme Court following state collateral review, even if the petition for certiorari is actually filed). By October 3, 2011, when Griffin filed his state habeas petition, one-hundred and sixteen days had already run—from June 10, 2011—on the one-year statute of limitations to file a federal habeas. By filing his federal habeas in this Court on July 17, 2013, only twenty-three days after his state habeas petition had been dismissed, Griffin was well within the one-year statute of limitations deadline as prescribed by AEDPA. ECF No. 1 at 4.

### B. Exhaustion

The Respondent concedes that Griffin exhausted his habeas claims in the instant federal petition by presenting them to the Supreme Court of Virginia, the highest state court. *See* ECF No. 6 at 3 ("Accordingly, as discussed below, Griffin exhausted his available state remedies as to all of the present claims, as required under 28 U.S.C. § 2254(b)."); *see also Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b) ("In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief."); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997) ("To exhaust state remedies, a habeas petition must fairly present the substance of his claim to the state's highest court.")). In liberally construing the *pro se* prisoner's pleadings, as the Court is required to do, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Court agrees that Griffin's claims in the instant federal habeas petition have been exhausted because they were previously presented to the highest court in Virginia, in one form or another. Specifically, claims "a" and "b" in the instant petition were alleged as claims "a" and "b" in the state habeas petition, and the remaining two claims "c" and "d" generally challenge the defense attorney's effectiveness and

sufficiency of the evidence, which was presented both on direct and collateral review in state court. Accordingly, the Court will address the merits of Griffin's four claims now before the Court.

### III. STANDARD OF REVIEW

The trial court dismissed Griffin's initial state habeas in a three-page order, and the Supreme Court of Virginia summarily refused Griffin's appeal of that dismissal stating, "the Court is of the opinion there is no reversible error in the judgment complained of."[2] This constitutes an "adjudication on the merits," and the parties do not appear to otherwise contest this characterization. *See Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir. 2000) (en banc) ("[Courts] must uphold the state court's summary decision unless [their] independent review of the record and pertinent federal law persuades [them] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented.") (citations omitted); *see also Renoir v. Virginia*, No. 7:99-cv-580, 2001 WL 34801301, at *8 n.7 (W.D. Va. July 31, 2001) (holding Virginia Supreme Court adjudicated claim on the merits where it found "no reversible error in the judgment complained of.").

The Court reviews Griffin's 2254 habeas petition under the daunting standard set out in the AEDPA. The significant burden on 2254 petitioners cannot be understated. "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013). When a state court addresses the merits of a claim that is raised in a 28 U.S.C. § 2254 petition, the Court may not grant federal habeas relief on claims of legal error by the state court unless, *inter alia*, the state court decision is contrary to

---

[2] The Supreme Court of Virginia dismissed Griffin's first assignment of error for failure to comply with Virginia Supreme Court Rule 5:17(c)(1)(iii), which states that an assignment of error "which merely states that the judgment or award is contrary to law and the evidence, is not sufficient." *See* Pet. at 2 ("The state habeas court erred in dismissing Petitioners [sic] claims (a) and (b) as each claim was colorful and has merit."). The remaining three assignment of errors were refused.

7

or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). The Court independently reviews whether that decision satisfies either standard. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Federal habeas relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. C.t at 786. "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). In other words, "AEDPA

prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). Here, as in *Premo*, because there is no allegation that the state courts decided Griffin's state habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law." *Premo, supra*, at 739; 28 U.S.C. § 2254(d)(1).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Griffin had to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984). First, to establish deficient performance, Griffin was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Griffin was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding.").

In the context of Sixth Amendment ineffective assistance of counsel claims that have already been rejected by the state court, the United States Supreme Court has summarized the high bar petitioners then face in a federal 2254 habeas petition:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and §

2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the Court now turns to the merits of Griffin's four claims of ineffective assistance of counsel and due process violations.

## IV. DISCUSSION

### A. Negligence, poor trial strategy, and erroneous legal advice

First, Griffin claims that trial counsel was constitutionally ineffective in violation of the Sixth Amendment due to negligence, poor trial strategy, and giving erroneous legal advice. ECF No. 1, attach. 1 at 1-2. Specifically, Griffin claims that he "had been drinking for some 36 hours before the incident for which he [was] charged . . . in excess of 2 cases of beer . . . and approximately half of a fifth of whiskey." *Id.* at 1. Griffin argues that defense counsel was ineffective for advising that "intoxication was not a defense to murder in the state of Virginia," and instead instructing him "to say he only had three (3) beers." *Id.* Griffin believes he was so intoxicated as to negate, as a matter of law, the element of premeditation for first-degree murder. As a result, the prejudice derived from trial counsel's deficiency in this regard is "paramount." *Id.* at 2.

Griffin raised this allegation in the state habeas petition filed in the trial court. In state court, Griffin claimed that he advised his attorney "how he had been drinking the day prior to the incident, and during [the] day of the incident." Griffin claimed, as he does now, that his attorney advised him that voluntary intoxication was not a defense, and that his testimony should be that

10

he only drank three beers with his son the day of the incident. The trial court dismissed this claim under both the performance and prejudice prongs of *Strickland*. "Nothing in the record, including petitioner's own trial testimony, reflects that he was so intoxicated as to negate, as a matter of law, the element of premeditation in the first degree murder count. Thus, defense counsel had no obligation to discuss what in effect was a[n] irrelevant matter in this case." *Griffin v. Clarke*, Law No. 113285, at 2 (Portsmouth Cir. Ct. June 15, 2012) (citing *Fitzgerald v. Commonwealth*, 223 Va. 615, 292 S.E.2d 798 (1982)). Moreover, the trial court found that Griffin failed to establish the prejudice of any failure to introduce voluntary intoxication as a defense, especially when "considering [Griffin's] own lack of credibility, including his acknowledged six prior felony convictions and his possession of a weapon in the trunk of his car even though he knew that he was not supposed to carry a firearm." *Id.*

The question before this Court is whether the trial court reasonably applied *Strickland* to Griffin's claim that counsel was ineffective for failing to give proper legal advice regarding the defense of voluntary intoxication. First, the Court would find that it was not an unreasonable application of *Strickland* for defense counsel to advise Griffin not to use a voluntary intoxication defense. The record in this case speaks for itself. In reviewing the transcript of Griffin's trial testimony from December 16, 2008, there is nothing that reflects that Griffin was "so greatly intoxicated as to be unable to deliberate and premeditate." *Fitzgerald v. Commonwealth*, 223 Va. at 631. Rather, his testimony suggests the opposite. Griffin was able to remember and testify to his movements the night of the murder, who he was with, where they were coming from, what time they went to the gas station, and why they went to the gas station. Tr. 61-64 (Dec. 16, 2008). Therefore, under AEDPA's highly deferential standard, the state courts did not

11

unreasonably apply *Strickland* to Griffin's claim that trial counsel was deficient for failing to properly advise and strategize as to a defense of voluntary intoxication.

Moreover, even assuming Griffin could meet his burden to demonstrate unreasonable application of the deficient performance standard, which he cannot, he also wholly fails to establish that the state court unreasonably applied the prejudice standard to this claim. In state court, Griffin failed to establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is sufficient to undermine confidence in the outcome." *Strickland*, 446 U.S. at 687, 693-94. It was not unreasonable for the state court to find that Griffin failed to meet the prejudice burden. In fact, the state court reasonably found that Griffin failed to show a reasonable probability of a different outcome at trial. The jury heard Griffin's testimony and his version of the events, and weighed that testimony against the Commonwealth's witnesses. Under the deferential standard this Court must follow, the state court reasonably applied federal law to Griffin's claim. Ultimately, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo*, 131 St. Ct. at 740. Because the state court reasonably applied *Strickland* to Griffin's claim regarding voluntary intoxication, the undersigned recommends dismissing claim "a" with prejudice.

### B. Failure to introduce "a myriad of evidence"

In his second claim, Griffin argues that trial counsel was ineffective for failure to introduce evidence at trial that would have contradicted the Commonwealth's theory of the case and impeached their witnesses. ECF No. 1, attach. 1 at 2-5. Specifically, Griffin claims counsel's performance was deficient for failing to introduce evidence of the victims' toxicology reports and prior arrest records, in addition to a statement from an eye witness. *Id.* Griffin raised

a similar version of this claim in state court, by alleging counsel was ineffective for failing to obtain discovery about the evidence discussed in this petition. The state court dismissed Griffin's claim for failure to establish both deficient performance and prejudice. Specifically, "[d]efense counsel filed multiple motions for discovery and obtained multiple discovery responses from the Commonwealth. In one supplemental discovery response, the Commonwealth stated that Andre Lamb had no prior felony convictions or misdemeanor convictions involving moral turpitude but had several charges nol prossed. Petitioner has not made any showing that this response was incorrect, and in any event Lamb did not testify at trial regarding his criminal record." *Griffin v. Clarke*, Law No. 113285, at 1-2 (Portsmouth Cir. Ct. June 15, 2012).

Again, this application of federal law by the state court was reasonable. Griffin fails to offer any support for his argument that counsel was deficient for failing to introduce such evidence. The state court found that trial counsel diligently participated in multiple rounds of discovery with the Commonwealth's prosecutors, and received any exculpatory evidence or evidence that could be used for impeachment, specifically in regard to Lamb, the non-fatally wounded victim. And again, this Court finds that the state court reasonably applied the prejudice prong to Griffin's claim, because there is nothing to show that but for any alleged error by counsel, the outcome of trial would have been different. The burden on Griffin is significant. *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013). After the state court has denied Griffin's habeas claims on the merits, unless the state court unreasonably applied the law under *Strickland*, this Court will not disturb the dismissal. Griffin has failed to show how the state court's application of *Strickland* was unreasonable for his "failure to introduce a 'myriad of evidence'" claim. Thus, because the state court did not unreasonably apply *Strickland* to the facts of Griffin's claim, the

state court judgment must be upheld, and claim "b" should also be dismissed. *Williams v. Taylor*, 529 U.S. 362, 389, 412-13 (2000) ("[S]tate-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated).

### C. General, cumulative claims of ineffective assistance of counsel and due process violations

Lastly, in claims "c" and "d," Griffin vaguely claims that his Sixth and Fourteenth Amendment rights were violated because of counsel's deficient performance, and that the "cumulative effect" of counsel's errors violated his due process rights to a fair trial because without the errors, the outcome of the trial would have been different. ECF No. 1, attach. 1 at 5-9. In liberally construing Griffin's *pro se* claims, to the extent Griffin reiterates any cumulative ineffective claim or due process claim raised previously in this habeas petition, or the habeas petition filed in state court, these claims too must be dismissed.

This argument was addressed by the United States Court of Appeals for the Fourth Circuit in *Fisher v. Angelone*, 163 F.3d 835 (4th Cir. 1998). Habeas petitioners cannot state a collective, or cumulative claim of general ineffective assistance of counsel, but rather, those claims must be stated specifically and individually. *Id.* at 852. In *Fisher*, the petitioner attempted to raise the same argument that Griffin raises in the instant petition:

> Next, Fisher argues that the cumulative effect of his trial counsel's individual actions deprived him of a fair trial. We disagree. Having just determined that none of counsel's actions could be considered constitutional error, *see Lockhart v. Fretwell*, 506 U.S. 364 n.2 (1993) (parenthetical omitted), it would be odd, to say the least, to conclude that those same actions, when considered collectively, deprived Fisher of a fair trial. Not surprisingly, it has long been the practice of this Court individually to assess claims under *Strickland*. *See, e.g., Hoots v. Allsbrook*, 785 F.2d 1214, 1219 (4th Cir. 1986) (considering ineffective assistance claims individually rather than considering their cumulative impact). In fact, in *Arnold v. Evatt*, 113 F.3d 1352 (4th Cir. 1997), *cert. denied*, 522 U.S. 1058 (1998), this Court recently rejected a similar request to review the alleged errors of a trial court cumulatively rather than individually. *See id.* at 1364 ("Based on

14

the findings of this court concerning the individual claims of error, we reject this claim.").

To the extent this Court has not specifically stated that ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than collectively, we do so now. In so holding, we are in agreement with the majority of our sister circuits that have considered the issue.

*Id.* at 851. Here, in claim "c," Griffin states: "Plaintiff's Sixth and Fourteenth Amendment rights were violated. Counsel's deficient performance and ineffective assistance violated Plaintiff's due process and consequently the verdict is contrary to the law and the evidence." ECF No. 1, attach. 1 at 5. In claim "d," Griffin states: "The cumulative effect of trial counsel's multiple errors, ineffective assistance, deficient performance, and resulting substantial prejudice violated Plaintiff's Sixth and Fourteenth Amendment rights. Specifically, Plaintiff's U.S. Constitution [sic] Fourteenth Amendment Due Process rights were violated, as but for the serious errors of counsel the proceedings would have produced a different result. The verdict is not worthy in the interests of justice." *Id.* at 7. Such conclusory and "cumulative effect" habeas claims must be dismissed pursuant to *Fisher v. Angelone*. Therefore, the undersigned recommends that claims "c" and "d" be dismissed as well.

Overall, the Court finds that the state court did not unreasonably apply the prejudice prong of *Strickland* to Griffin's claims. It was not unreasonable for the state court to hold that Griffin failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Quite simply, the evidence against Griffin was substantial, as summarized above and as apparent from this Court's thorough review of the trial record in this case. The evidence against Griffin included a detailed confession from his son, who was with him in the car on the night of the shooting, videotape evidence of the shooting/murder, and the surviving victim's

testimony. Griffin, who had previously been convicted of violent felonies, testified in his own defense, but in finding him guilty of all charges, the jury did not credit his testimony.

Accordingly, because it was not unreasonable for the state court to find that Griffin failed to satisfy both the performance and the prejudice requirements under *Strickland*, this Court would grant the Respondent's motion to dismiss and dismiss Griffin's petition with prejudice. *Accord Premo*, 131 S. Ct. at 740.

## V. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's motion to Dismiss, ECF No. 4, be **GRANTED** and Griffin's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 14, 2014

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Kenneth Griffin, #1155055
Sussex I State Prison
24414 Musselwhite Drive
Waverly, Virginia 23890
*Pro Se* Petitioner

Mr. Robert Anderson
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

By: 

Fernando Galindo,
Clerk of Court

_____
Deputy Clerk
April 15, 2014